UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| IN RE: ) | Bankruptcy No. 00-50936 |
| ) | Chapter 11 |
| RIDGEVIEW, INC., ) | |
| T/A Interknit, Inc., T/A Tri-Star Hosiery ) | |
| Mills, Inc., ) | |
| ) | |
| Debtor. ) | |

EX-PARTE MOTION FOR ENTRY OF
ORDER FOR PAYMENT OF UNCLAIMED
FUNDS TO THE REGISTRY ACCOUNT

NOW COMES Ridgeview, Inc., the debtor herein (the "Debtor" or "Ridgeview"), by and through undersigned counsel, pursuant to the Bankruptcy Code, including without limitation, Section 105, and requests that the Court enter an Order authorizing and directing the payment of unclaimed health care claimant funds due to former Ridgeview employees or their dependents from the Trust Account of undersigned counsel to the Registry Account of the Bankruptcy Court. In support of this Ex-Parte Motion, the Debtor shows the Court the following:

1.      The Debtor filed for bankruptcy protection under Chapter 11 of the Bankruptcy Code on August 2, 2000 (the "Petition Date").

2.      The Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 1334 and 157. This Motion is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

3.      The Debtor was once a producer and supplier of sports socks. The Debtor had facilities in Newton, North Carolina, Mebane, North Carolina, and Ft. Payne, Alabama. The Debtor essentially ceased operations in the Spring of 2001 except for administrative clean up matters, sales of property which served as collateral for the Debtor's debt obligations to the Bank Group (as defined herein) and litigation involving its estate.

4.      An official committee of unsecured creditors (the "Creditors' Committee") has been appointed in this case and is represented by counsel but has had no active role for several years due to the administrative insolvent status of the case.

5.      Prior to the Petition Date, on February 11, 1999, the Debtor entered into a loan with BankBoston, N.A. ("BankBoston") as Agent and General Electric Capital Corporation ("GECC") as Co-Agent for a bank group consisting of BankBoston, GECC and Citizens Business Credit (collectively the "Bank Group" or "Lenders"). BankBoston was later acquired by Fleet which now serves as Agent for the Bank Group. The Bank Group asserted a security interest in and first lien upon substantially all of the assets of the Debtor.

{00120389 v 1}

6. The Debtor acknowledges that, as of the Petition Date, the Debtor was indebted to Lenders in the approximate principal amount of $19,200,000.00 (hereinafter, together with all interest, attorneys' fees and other expenses heretofore or hereafter accruing or chargeable to the Debtor, the "Pre-Petition Debt"). The Pre-Petition Debt arose from loans to the Debtor pursuant to a certain Loan and Security Agreement dated February 11, 1999, among the Debtor, Agent, and Lenders.

7. The Bank Group, through Fleet National Bank as Agent, filed a motion for relief from stay or in the alternative, for adequate protection (the "Fleet Stay Motion"). A hearing was held on the Fleet Stay Motion beginning December 18, 2000 (the "Preliminary Hearing") and concluding on December 22, 2000. Pursuant to a request from the Debtor, this hearing was treated as a preliminary hearing and a final hearing was scheduled for Friday, January 19, 2001.

8. On January 19, 2001, a Consent Order Granting Relief from Stay (the "Consent Order") was entered by the Court. Consent to this order was authorized by the Debtor after discussions with the Creditor's Committee and a junior secured creditor and negotiations with the Bank Group.

9. After entry of the Consent Order, the Debtor and the Bank Group, along with the Creditors' Committee, engaged in discussions regarding debtor in possession financing for the Debtor provided by the Bank Group to fund the orderly liquidation of the Debtor's assets. On January 25, 2001, after hearing thereon, the Court entered an interim order approving debtor in possession financing by the Bank Group. After a final hearing on March 20, 2001, the Court entered the final order approving debtor in possession financing

10. Despite the limited funding available to the Debtor, there were not sufficient funds that free and clear of the lien claims of the Bank Group to pay remaining health claims of certain employees of the Debtor as scheduled by the Debtor (the "Health Care Claim List") that received medical services prior to April 6, 2001.

11. On June 1, 2001, the Debtor filed a Motion for Court Order Authorizing and Directing Payment of Post-Petition Employee Health Claims, Reimbursement to Employees for 401(k) Plan Contributions, Reimbursement to Employees of Cancer Policy Premiums, and Payment of Other Liquidation Expenses, from the Collateral of the Debtor's Pre-Petition Bank Group, or in the Alternative, Motion to Dismiss the Case ("Surcharge Motion").

12. The Bank Group disputed the relief sought by the Surcharge Motion and the parties entered into negotiations regarding the claims as part of the wind down of the bankruptcy case.

13. On May 13, 2004, the Debtor and the Bank Group filed a Motion to settle certain remaining issues raised by the Surcharge Motion. An Order was entered on June 22, 2004 approving the settlement of the Surcharge Motion ("Surcharge Settlement").

{00120389 v 1}

14. The Agent and Bank Group as part of the Surcharge Settlement designated $124,000.00 from their collateral for payment on medical claims as shown on the Health Care Claim List.

15. In October, 2004, the Debtor filed a Motion for Court Order Authorizing and Directing Payment of Post-Petition Employee Health Claims and Other Expenses and Motion to Dismiss the Case ("Distribution Motion"). Findings of Fact and Conclusions of Law and an Order (the "Distribution Order") allowing the relief sought in the Distribution Motion were entered by the Court on February 15, 2005. The $124,000.00 designated for the parties shown on the Health Care Claim List was thereafter funded by the Bank Group.

16. Pursuant to the Distribution Order and one supplemental order entered on May 4, 2005, that are both incorporated herein by reference, the Debtor has distributed $85,229.67 from the funds designated in the Surcharge Settlement to the parties identified on the Health Care Claim List. Pursuant to the Distribution Order, all final distributions were authorized and issued with a designation that the checks must be presented for payment within sixty (60) days after issuance or they would become void.

17. For the parties that the Debtor could locate addresses, checks were originally issued on March 8, 2005 and checks were reissued for parties as they were located. Checks were not issued for parties for whom the Debtor could not locate an address.

18. Attached hereto and incorporated herein as Exhibit "A" is a list of the names and addresses (if one is known) of the former Ridgeview employees or their dependents from the Health Care Claim List and the amounts disbursed or available to be disbursed to them which, remain unclaimed after the distribution. For parties whom the Debtor could locate addresses, checks were mailed in the amounts shown on the attached sheet to such parties as also shown on the attached sheets at the respective last known address of each party as set forth above. All checks were stamped with the designation "void if not presented for payment within sixty (60) days". It has been longer than sixty days since the checks were mailed to parties for whom addresses could be located. The total sum of $38,770.33 remains unclaimed.

19. The Debtor has been unable to locate the parties shown on Exhibit A who did not claim their funds. To date, these parties have either failed and neglected to present their respective checks for payment, their respective checks have been returned marked undeliverable as addressed and unable to forward or a similar designation by the United States Post Office or no address has been located for them after much effort to identify an address.

20. The Debtor believes that the relief requested in this Ex-Parte Motion is in the best interest of the estate and its creditors, including, without limitation, the persons shown on the Health Care Claim List.

{00120389 v 1}

21.     The Debtor has discussed the relief sought with the United States Bankruptcy Administrator and he supports the relief sought.

WHEREFORE, the Debtor pray the Court for entry on an Order on an ex-parte basis as follows:

1.      Authorizing and directing Counsel for the Debtor to pay from funds held in trust for the parties shown on Exhibit A, the unclaimed funds in the amount of $38,770.33 from their Trust Account to the Registry Account of the Bankruptcy Court due to such parties listed on Exhibit "A" having failed or neglected to present their respective checks for payment or their respective checks have been returned marked undeliverable as addressed and unable to forward or a similar designation by the United States Post Office or no address having been located for such parties after much effort to identify an address.

2.      To grant the relief requested for cause shown, on an ex-parte basis and without the requirements for notice set forth in Bankruptcy Rule 2002.

3.      For such other and further relief as is just and proper.

This the 18nd day of August, 2005.

*[signature]*
Albert F. Durham
State Bar No. 6600
Rayburn Cooper & Durham P.A.
Attorneys for Debtors
1200 Carillon, 227 W. Trade St.
Charlotte, North Carolina 28202
Telephone: (704) 344-0891

{00120389 v 1}

| CLAIMANT NAME | AMOUNT OF CLAIM | AMOUNT OF DISTRIBUTION |
|---|---|---|
| ANNA L. LEATHERMAN 709 E. 19TH STREET. NEWTON, NC 28658 | $42.00 | $40.72 |
| ANNA L. MCCALL PO BOX 453 CONOVER, NC 28613 | $32.00 | $31.02 |
| CANDACE FRADY C/O TAMMY N. FRADY 3535 PLATEAU ROAD VALE, NC 28168 | $75.00 | $72.71 |
| CARA L. CALDWELL 2901 N. SHIPP AVE. NEWTON, NC 28658 | $171.00 | $165.77 |
| CARL B. ASPLUND 13809 PYTCHLEY LANE CHARLOTTE, NC 28272 | $99.20 | $96.17 |
| DEBRA E. TREJO PO BOX 195 LEASBURG, NC 27291 | $34.90 | $33.83 |
| DELFINO MEDRANO C/O YENI MEDRANO 3986 CEDAR CREEK CT. LENIOR, NC 28645 | $300.00 | $290.83 |
| EDELTRUDIS MATZAK-YAHALOM 15233 DICKENS STREET SHERMAN OAKS, CA 91403 | $478.32 | $463.70 |
| JACKIE R. MATLOCK NO ADDRESS FOUND | $569.60 | $552.19 |
| JANELLE GODFREY C/O TIMOTHY GODFREY 231 KAREN CT CHERRYVILLE, NC 28021 | $38.00 | $36.84 |
| JANICE S. COLSON 3113 CATAWBA STREET CLAREMONT, NC 28610 | $66.00 | $63.98 |
| JESUS A. DELGADO C/O IRMA D. DELGADO 322 S. ASHE AVE. NEWTON, NC 28658 | $336.40 | $326.12 |
| JONATHAN C. HAMLETT NO ADDRESS FOUND | $109.60 | $106.25 |
| LAURIE E. THOMPSON 5196 OXBOW COURT SAN JOSE, CA 95124 | $250.00 | $242.36 |

| CLAIMANT NAME | AMOUNT OF CLAIM | AMOUNT OF DISTRIBUTION |
|---|---|---|
| LENORA K. MCINTYRE 1315 LYNHURST DRIVE GASTONIA, NC 28054 | $378.40 | $366.83 |
| LINDA IKERD 3337 SIGMON DAIRY ROAD NEWTON, NC 28658 | $63.00 | $61.07 |
| LINDA L. FUQUA 111 N. NINTH STREET MEBANE, NC 27302 | $116.20 | $112.65 |
| MARGARET J. CATES 1919 LAWRENCE ROAD HILLSBOROUGH, NC 27278 | $73.00 | $70.77 |
| MIKAELA C. COOKE NO ADDRESS FOUND | $323.00 | $313.13 |
| ROBERT A. SCOTT C/O MINA M. SCOTT 4626 DUBS CAFE ROAD CATAWBA, NC 28609 | $7,232.40 | $7,011.33 |
| ROBERT A. SCOTT C/O MINA M. SCOTT 4626 DUBS CAFE ROAD CATAWBA, NC 28609 | $952.90 | $923.77 |
| ROBERT C. YOUNT C/O MARTHA M. YOUNT 1605 LONDON COURT HICKORY, NC 2860 | $211.42 | $204.96 |
| RON FERRAGAMO NO ADDRESS FOUND | $891.00 | $863.76 |
| TAMMY R. MYERS 1582 DOGWOOD LANE STATESVILLE, NC 28625 | $66.00 | $63.98 |
| TERESA L. WILLIAMS NO ADDRESS FOUND | $6,959.36 | $6,746.63 |
| THEODORE A. MCRAE 4459 RHONEY SCHOOL HICKORY, NC 28601 | $25.40 | $24.62 |
| VAUGHN J. POWERS 1454 SUGAR FARM RD. CATAWBA, NC 28609 | $32,912.01 | $19,484.34 |
| 26 CLAIMANTS | | |
| | | $38,770.33 |

#120369